Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA FOURTH DIVISION**

In re:
DOUGLAS A FREY
KRISTIN L FREY

MODIFIED
CHAPTER 13 PLAN

Dated: November 27, 2017

DEBTOR                    Case No. 17-43014
*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ 0.00.
   b. After the date of this plan, the debtor will pay the trustee $1,240.00 per month for 31 months beginning November 2017 for a total of $38,440.00, **then** $1,407.00 per month for 20 months beginning June 2020 for a total of $28,140.00, **then** $1,468.00 per month for 9 months beginning February 2022 for a total of $13,212.00, for a grand total of $79,792.00. The minimum plan payment length is __ 36 or _X_ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __ **The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**
   d. The debtor will pay the trustee a total of $ 79,792.00 [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 7,979.00 , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | | Creditor | Description of Property |
   |---|---|---|
   | a. | Chase | 2012 Ford Fusion |
   | b. | Ally | 2012 Kia Forte (Paid by daughter) |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | a. | Wells Fargo Bank | $ 41,254.00 | $ 1,116.00 | 5 | 37 | $ 41,254.00 |
   | b. | TOTAL | | | | | $ 41,254.00 |

7.  **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

    | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
    |---|---|---|---|---|---|---|
    | -NONE- | $ | $ | $ | | | $ |
    | a. TOTAL | | | | | | $ 0.00 |

8.  **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

    | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
    |---|---|---|---|---|---|---|---|---|
    | -NONE- | $ | $ | | $ | | $ | $ | $ |
    | a. TOTAL | | | | | | | | $ 0.00 |

9.  **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

    | | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
    |---|---|---|---|---|---|---|
    | a. | Attorney Fees | $ 3,499.00 | $ 1,116.00 | 1 | 4 | $ 3,499.00 |
    | b. | Internal Revenue Service | $ 18,714.00 | $ pro rata | | | $ 18,714.00 |
    | c. | Minn Dept of Revenue | $ | $ pro rata | | | $ |
    | d. | TOTAL | | | | | $ 22,213.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:  -NONE-
    The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

    | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
    |---|---|---|---|---|---|---|
    | -NONE- | | | | | | $ |
    | a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ 8,346.00   [line 1(d) minus lines 2, 6(b), 7(a), 8(a), 9(d) and 10(a)].

    a.  The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00 .

    b.  The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 48,168.00 .

    c.  Total estimated unsecured claims are $ 48,168.00  [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under  ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS**  — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

    The debtors shall surrender the 2015 Kia Sorento to Hyundai Motor Finance in full satisfaction of the secured claim. The creditor may amend its proof of claim for any deficiency balance. Any amount not paid shall be discharged upon the debtor receiving a discharge in this case.

    In the event a secured creditor is granted stay relief or there is a surrender, repossession  or return of collateral to the creditor for any reason, the creditor may file a proof of claim for any deficiency within 30 days after the surrender, repossession or return of the collateral. If such a proof of claim is filed, the claim, if any, will be paid as an unsecured claim in accordance with non-bankruptcy law and dischargeable upon completion of this plan or any future modified plan.

**14. SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 7,979.00 |
| Home Mortgage Defaults [Line 6(b)] | $ 41,254.00 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(a)] | $ 0.00 |
| Priority Claims [Line 9(d)] | $ 22,213.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 8,346.00 |
| **TOTAL [must equal Line 1(d)]** | $ 79,792.00 |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
Robert J. Hoglund 210997
Hoglund, Chwialkowski & Mrozik P.L.L.C
1781 West County Road B
PO Box 130938
Roseville, MN 55113-4052
(651) 628-9929
210997

Signed   /s/ DOUGLAS A FREY
DOUGLAS A FREY
DEBTOR

Signed   /s/ KRISTIN L FREY
KRISTIN L FREY
DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bkry Case No: 17-43014 |
| Douglas A Frey | Chapter 13 |
| and | |
| Kristin L. Frey | |
| Debtor(s). | |

**NOTICE OF FILING MODIFIED CHAPTER 13 PLAN PRIOR TO CONFIRMATION**

TO: ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE that the debtor(s), pursuant to Local Rule 3015-2(a) have filed the attached modified Chapter 13 Plan. The Hearing on Confirmation of the Modified Plan is scheduled for December 7, 2017 at 10:30 a.m. in United States Bankruptcy Court, Courtroom 7 West, Seventh Floor, 300 South Fourth Street, Minneapolis, Minnesota.

Any objection to this Modified Plan must be served by delivery not later than 24 hours prior to the time and date set for the confirmation hearing or mailed not later than three days prior to the date set for the confirmation hearing.

Dated: November 27, 2017

HOGLUND, CHWIALKOWSKI & MROZIK, PLLC
Signed: /e/ ***Robert J. Hoglund***

| | |
|---|---|
| Robert J. Hoglund | #210997 |
| Keith Chwialkowski | #210134 |
| Jeffrey J. Bursell | #293362 |
| Kristen M. Whelchel | #339866 |

Attorney for Debtor(s)
1781 West County Road B
P.O. Box 130938
Roseville, Minnesota 55113
Telephone Number: (651) 628-9929

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Bkry Case No: 17-43014 |
| Douglas A. Frey | Chapter 13 |
| and | |
| Kristin L. Frey | **UNSWORN CERTIFICATE** |
| Debtor(s). | **OF SERVICE** |

I, Melissa Matthews, employed by Hoglund, Chwialkowski & Mrozik, PLLC, attorneys licensed to practice law in this Court, with office address of 1781 West County Road B, Roseville, Minnesota 55113, declare that on November 27, 2017, I served the Modified Chapter 13 Plan and Notice of Filing Modified Plan Prior to Confirmation to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Douglas & Kristin A. Frey
8350 Riverbirch Court
Victoria, MN 55386

And to all creditors/parties in interest listed on matrix (see attached)

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: November 27, 2017

Signed: /e/ Melissa Matthews
        Paralegal

```
Label Matrix for local noticing      WELLS FARGO BANK NA              Minneapolis
0864-4                                25 N DALE ST 2ND FLR             301 U.S. Courthouse
Case 17-43014                         ST PAUL, MN 55102-2227           300 South Fourth Street
District of Minnesota                                                  Minneapolis, MN 55415-1320
Minneapolis
Mon Nov 13 07:23:00 CST 2017

ALLTRAN HEALTH INC                    ALLY                             ARS NATIONAL SERVICES
PO BOX 519                            PO BOX 380902                    PO BOX 463023
SAUK RAPIDS MN 56379-0519             BLOOMINGTON MN 55438-0902        ESCONDIDO CA 92046-3023


AVANT                                 Ally Financial                   BIG PICTURE LOANS
222 N LASALLE DR STE 1700             PO Box 130424                    PO BOX 704
CHICAGO IL 60601-1101                 Roseville MN 55113-0004          WATERSMEET MI 49969-0704


CAPITAL ONE                           CAPITAL ONE                      CAPITAL ONE
PO BOX 30253                          PO BOX 30285                     PO BOX 463023
SALT LAKE CITY UT 84130-0253          SALT LAKE CITY UT 84130-0285     ESCONDIDO CA 92046-3023


CHASE                                 CREDIT ONE BANK                  (p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 901037                         PO BOX 60500                     PO BOX 3025
FORT WORTH TX 76101-2037              CITY OF INDUSTRY CA 91716-0500   NEW ALBANY OH 43054-3025


Discover Bank                         FAIRVIEW HEALTH SERVICES         FAIRVIEW HEALTH SERVICES
Discover Products Inc                 400 STINSON BLVD NE              PO BOX 9372
PO Box 3025                           MPLS MN 55413-2613               MINNEAPOLIS MN 55440-9372
New Albany, OH 43054-3025


HARBOR DENTAL                         HYUNDAI MOTOR FINANCE            (p)INTERNAL REVENUE SERVICE
3001 HARBOR LN                        PO BOX 20809                     CENTRALIZED INSOLVENCY OPERATIONS
PLYMOUTH MN 55447-8740                FOUNTAIN VALLEY CA 92728-0809    PO BOX 7346
                                                                       PHILADELPHIA PA 19101-7346


IRS                                   MESSERLI & KRAMER PA             MN DEPT OF REVENUE
PO BOX 7346                           3033 CAMPUS DR STE 250           551 BKCY SECTION CEU DEPT
PHILADELPHIA PA 19101-7346            PLYMOUTH MN 55441-2662           PO BOX 64447
                                                                       SAINT PAUL MN 55164-0447


THE ACADEMY LAW GROUP PA              US Trustee                       WELLS FARGO BANK
25 NORTH PROFESSIONAL BLDG            1015 US Courthouse               PO BOX 53439
SAINT PAUL MN 55102                   300 S 4th St                     PHOENIX AZ 85072-3439
                                      Minneapolis, MN 55415-3070


Wells Fargo Bank, N.A.                DOUGLAS A FREY                   Gregory A Burrell
Default Document Processing           8350 RIVERBIRCH CT               100 South Fifth Street
Mac#N9286-01Y                         VICTORIA, MN 55386-8251          Suite 480
1000 Blue Gentian Road                                                 Minneapolis, MN 55402-1250
Eagan, MN 55121-1663
```

KRISTIN L FREY
8350 RIVERBIRCH CT
VICTORIA, MN 55386-8251

Robert J. Hoglund
Hoglund, Chwialkowski & Mrozik, PLLC
1781 West County Road B
P.O. Box 130938
Roseville, MN 55113-0019


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| DISCOVER FINANCIAL SERVICES | IRS | End of Label Matrix |
| PO BOX 30943 | 30 E 7TH STREET SUITE 1222 | Mailable recipients    31 |
| SALT LAKE CITY UT 84130-0943 | MAIL STOP 5700 | Bypassed recipients     0 |
| | SAINT PAUL MN 55101 | Total                  31 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                Bankruptcy Case Number: 17-43014

Douglas A. Frey,

and                                                   **SIGNATURE DECLARATION**

Kristin L. Frey,              Debtor(s).

---

( ) PETITION, SCHEDULES & STATEMENTS
( ) CHAPTER 13 PLAN
( ) SCHEDULES & STATEMENTS ACCOMPANYING VERIFIED CONVERSION
( ) AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
(X) MODIFIED CHAPTER 13 PLAN/MOTION FOR HEARING
( ) OTHER:

I (we), the undersigned debtor(s) or authorized representative of the debtor, make the following c
under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
2. The Social Security Number or Tax Identification Number I have given to my attorney fo court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electr commencement of the above-references case is true and correct;
3. **[individual debtors only]** If no Social Security Number was provided as described in pai above, it is because I do not have a Social Security Number;
4. I consent to my attorney electronically filing with the United States Bankruptcy Court my statements and schedules, amendments, and/or chapter 13 plan, as indicated above, togetl scanned image of this Signature Declaration;
5. My electronic signature contained on the documents filed with the Bankruptcy Court has as if it were my original signature on those documents; and
6. **[corporate and partnership debtors only]** I have been authorized to file this petition on debtor.

Date: 11/27/17

_____          _____
Signature of Debtor 1 or Authorized Individual      Signature of Debtor 2

**Douglas A. Frey**                                  **Kristin L. Frey**
Printed Name of Debtor 1 or Authorized Individual    Printed Name of Debtor 2